

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

DWAYNE B.,

        Plaintiff,

     v.                                19-CV-423 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

—————————————————————

## DECISION AND ORDER

Plaintiff Dwayne B. moved for $26,020.08 in attorney's fees under 42 U.S.C.
§ 406(b). Dkt. 23. The Commissioner responded, arguing that Plaintiff's counsel's
*de facto* hourly rate was "unsupported, and thus potentially unreasonable." *See*
Dkt. 26, at 3. For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On January 29, 2016, Plaintiff applied for Social Security Disability
Insurance Benefits, alleging disability beginning June 5, 2015. *See* Dkt. 23-1, at 1.
Plaintiff appealed the Commissioner's denial of benefits by filing a complaint in this
Court on April 2, 2019. Dkt. 1. Plaintiff moved for judgment on the pleadings on
October 25, 2019. Dkt. 10. The Court remanded the case for further administrative
proceedings on March 24, 2021. Dkt 17.

On remand, the Administrative Law Judge issued a fully favorable decision
for Plaintiff, awarding him $104,080.32 in past-due benefits. *See* Dkt. 23-4, at 3.

The Commissioner withheld twenty-five percent of those past-due benefits—or $26,020.08—to pay any attorney's fee award. *See id.*

On July 5, 2022, Plaintiff's counsel moved for $26,020.08 in fees under 42 U.S.C. § 406(b), the exact amount withheld by the Commissioner. Dkt. 23. The Commissioner responded and asked the Court to determine the timeliness and reasonableness of Plaintiff's motion, suggesting that Plaintiff's counsel's *de facto* hourly rate was potentially unreasonable. *See* Dkt. 26.

## DISCUSSION

When considering a motion for attorney's fees under Section 406(b), a reviewing court must determine the timeliness of the motion and reasonableness of the fee. *See Joseph L. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 304, 306 (W.D.N.Y. 2021). The Court will address each in turn.

## I. Timeliness of Plaintiff's Section 406(b) Motion

Section 406(b) does not provide a limitations period for filing, but the Second Circuit has held that the fourteen-day filing deadline under Federal Rule of Civil Procedure 54(d)(2)(b) applies. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019); *accord Joseph L.*, 568 F. Supp. 3d at 306 n.1; *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or court order provides otherwise, the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment . . . ."). This fourteen-day filing deadline, however, is tolled until the parties receive notice of the Commissioner's calculation of benefits. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award . . . there is no sound

2

reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Plaintiff's Section 406(b) motion here is timely.  The Commissioner issued the notice of award on June 18, 2022.  *See* Dkt. 23-4, at 1.  And Plaintiff filed his motion for attorney's fees on July 5, 2022—fourteen days after receiving notice,[1] and within the fourteen-day limitations period.  *See* Dkt. 23-1, at 2.

## II.      Reasonableness of Plaintiff's Section 406(b) Fee Request

As for the reasonableness factor, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  In other words, Section 406(b) "calls for court review of the [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Agreements allowing an attorney to recover fees exceeding twenty-five percent of the claimant's past-due benefits are *per se* unenforceable.  *Id.*  Even where the fee sought is less than, or equal to, twenty-five percent of the claimant's past-due benefits, the attorney bears the burden of showing the fee's

---

[1] There is a presumption that parties receive communications three days after mailing.  *See Sinkler*, 932 F.3d at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)); *accord Joseph L.*, 568 F. Supp. 3d at 306 n.1.  Here, the fourteen-day limitations period was tolled until June 21, 2022.

reasonableness.  *See Joseph L.*, 568 F. Supp. 3d at 307; *see also Gisbrecht*, 535 U.S. at 807, n.17 ("[B]ecause section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied.").

When determining a fee's reasonableness, courts consider: "(1) whether the contingency percentage is within the 25% cap[;] (2) whether there has been fraud or overreaching in making the agreement[;] and (3) whether the requested amount is so large as to be a windfall to the attorney." *Joseph L.*, 568 F. Supp. 3d at 307 (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)) (alterations in original) (internal quotation marks omitted).  Also relevant are: "(1) the character of the representation and the results the representative achieved[;] (2) the amount of time counsel spent on the case[;] (3) whether the attorney is responsible for delay[;] and (4) the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (alterations in original) (internal quotation marks omitted).

After considering these factors here, the Court concludes that the requested fee is reasonable.  First, the contingency agreement between Plaintiff and his counsel provided that his attorneys would request a fee for services in the amount of twenty-five percent of past-due benefits.  *See* Dkt. 23-5.  Plaintiff received $104,080.32 in past-due benefits; therefore, the request for $26,020.08 in fees represents twenty-five percent of past-due benefits awarded—the statutory limit. *See* Dkt. 23-4, at 3.  Second, there is no evidence that this fee agreement resulted

4

from fraud or overreaching.  *See* Dkt. 23-5.  Next, the result that Plaintiff secured

with his counsel's assistance—approximately $104,080.32 in past-due benefits—

indicates that he received effective representation.  *See* Dkt. 23-1, at 2.  In addition,

although Plaintiff's counsel sought an extension of time to file her motion for

judgment on the pleadings, this was not a delay "meriting a downward adjustment."

*Joseph L.*, 568 F. Supp. 3d at 307; *see* Dkt. 10.

The remaining factors—counsel's normal hourly rate for noncontingent-fee

cases and whether the award is a windfall—are related.  In particular, counsel's

"normal hourly billing charge for noncontingent-fee cases" can assist "the court's

assessment of the reasonableness of the fee" requested.  *Gisbrecht*, 535 U.S. at 808.

Here, counsel recorded 32.0 hours litigating Plaintiff's case in this court.  *See*

Dkt. 23-7 ¶¶ 3-4.  Dividing the $26,020.08 requested fee by 32.0 hours results in a

*de facto* hourly rate of $813.13.  The *de facto* rate here is significantly higher than

counsel's $350.00 hourly rate for noncontingent cases.  *See* Dkt. 23-2 ¶ 17.

Nevertheless, the requested fee is not a "windfall" to Plaintiff's counsel.  *See, e.g.*,

*Fields v. Kijakazi*, 24 F.4th 845, 854–56 (2d Cir. 2022) (holding that a *de facto*

hourly rate of $1,556.98 was not a windfall given: (1) counsel's ability and expertise;

(2) the nature and length of counsel's professional relationship with the claimant;

(3) the satisfaction of the claimant; and (4) the inherent risk in taking Social

Security cases on a contingency-fee basis).

Plaintiff's counsel is experienced, having handled "over 200 Social Security

cases in district court, and three cases at the Court of Appeals for the Second

Circuit" since 2016. *See* Dkt. 23-2 ¶ 4. Most of the hours Plaintiff's counsel spent

on this case involved drafting the memorandum of law in support of Plaintiff's

motion for judgment on the pleadings—a motion that ultimately led to the case

being remanded to the Commissioner. *See* Dkt. 23-7 ¶¶ 3-4; *see also Fields*, 24

F.4th at 854 ("Binder & Binder's ability and expertise allowed it to accomplish in

just 25.8 hours what other lawyers might reasonably have taken twice as much

time to do.").

Counsel began representing Plaintiff in February 2019, and she secured a

fully favorable decision for her client "amounting in a six-figure award of past-due

benefits." *Fields*, 24 F.4th at 855; *see* Dkt. 23-1, at 8-9. And there is nothing in the

record indicating that Plaintiff objects to counsel's request for fees. *See Fields*, 24 F.

4th at 855. ("It is worth noting that the record contains no indication that Mr.

Fields—who, unlike the Commissioner, has a direct financial stake in the fee

determination—objects to the fee award.").

Finally, Plaintiff agreed that his counsel would receive fees equal to twenty-

five percent of past-due benefits awarded, the amount currently sought. *See* Dkt.

23-5. The Court recognizes that "[l]awyers who operate on contingency—even the

very best ones—lose a significant number of their cases and receive no

compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells v. Sullivan*, 907

F. 2d 367, 371 (2d Cir. 1990) ("In the absence of a fixed-fee agreement, payment for

an attorney in a social security case is inevitably uncertain, and any reasonable fee

award must take account of that risk.").

6

The Commissioner argues that Plaintiff's counsel's *de facto* hourly rate of
$813.13 is "potentially unreasonable" given a discrepancy between the remand rates
for Social Security cases in Plaintiff's counsel's memorandum of law and the
attorney affirmation. *See* Dkt. 26, at 3; *compare* Dkt. 23-1, at 7 (citing Dkt. 23-2)
("[I]n this district, only 52% of [Social Security] were reversed or remanded."), *with*
Dkt. 23-2 ¶ 18 ("[T]he Commissioner of Social Security found that remands or
reversals occur in 50% of district court appeals of Social Security cases."). While the
remand rate for Social Security cases in the Western District of New York may be
different from those in the other 93 district courts across the country, that does not
mean that Plaintiff's counsel's *de facto* hourly rate was based on an unreasonable
risk of loss. Given the fact that Plaintiff's counsel's *de facto* hourly rate of $813.13
is consistent with other *de facto* rates in this Circuit, the Court declines to accept
the Commissioner's invitation to find a *de facto* rate of $350.00 per hour appropriate
here. *See Fields*, 24 F.4th at 854 (*de facto* hourly rate of $1,556.98); *Joseph L.*, 568
F. Supp. 3d at 308 (*de facto* hourly rate of $908.84).

After considering all the relevant factors, the Court concludes that the
requested fee is reasonable.

7

## CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion for attorney's fees (Dkt. 23). The Commissioner shall release to Plaintiff's counsel $26,020.08 of the funds withheld from Plaintiff's benefits award.

SO ORDERED.

Dated:      March 17, 2023
            Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE